# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIL JOYNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16595** |
| **JOHN VARGA** | **SECTION: "J"(1)** |

## ORDER AND REASONS

Petitioner, Jamil Joyner, is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He stands convicted of the attempted first degree murder of New Orleans Police Department Officer Kevin Thomas. In November of 2016, petitioner filed the instant federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254.[1] Respondent filed a response in opposition, arguing that petitioner's federal application is untimely and that his claims are procedurally barred from federal review.[2]

Petitioner's counsel thereafter indicated that they would be issuing subpoenas duces tecum to secure new evidence. They desire to use the new evidence for two purposes: (1) to show that petitioner is actually innocent in order to overcome the state's defenses in this proceeding and (2) to bolster petitioner's underlying substantive claims. Respondent filed two motions to quash those subpoenas,[3] and petitioner filed a response in opposition.[4] Oral argument was heard on July 7, 2017, and the matter was taken under advisement. Respondent's motions are hereby **GRANTED IN PART AND DENIED IN PART** as follows.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 8.
[3] Rec. Docs. 17 and 21.
[4] Rec. Doc. 22.

To the extent that respondent is moving to quash the subpoenas, that request is moot. In light of respondent's opposition to the subpoenas, the subpoenas were never in fact issued.

That said, petitioner nevertheless still desires to issue and serve the subpoenas, and he requests that the Court grant him leave to do so. Respondent counters that petitioner has not filed a proper motion for leave to conduct discovery. Respondent is, of course, correct. Nevertheless, the undersigned finds that justice would not be furthered in any way by requiring such a motion at this point, in that the parties have already fully briefed this issue.

In his opposition to the motion to quash, petitioner first argues that he believes that leave of court is not actually necessary for the subpoenas to issue. The Court rejects that position. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of the discovery."

Although petitioner argues he is not limited by Rule 6(a) because subpoenas duces tecum do not technically qualify as "discovery," the Court finds otherwise. See, e.g., Griffin v. Burge, No. 9:08-cv-00934, 2014 WL 3893747, at *2 n.1 (N.D.N.Y. Aug. 7, 2014) ("Griffin denies that 'discovery' was necessary to procure a document from a third party for inspection and copying. Griffin is in error. It has long been established that Rule 45 must be read together with the discovery rules and that, where the discovery rules require a motion supported by good cause, that requirement is binding on litigants. 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2452 (3d ed. 2012). Generally, civil litigants are

no longer required to make a motion and show good cause, see FED. R. CIV. P. 34, but habeas petitioners are, see Rule 6 of the Rules Governing Section 2254 Cases in the U.S. District Courts ...."); Brown v. Cain, Civ. Action No. 95-2250, 1995 WL 425029, at *1 (E.D. La. July 18, 1995) (Vance, J.) ("Prior to filing his motion for leave to conduct discovery, petitioner caused a subpoena to issue from this Court ordering the production of the same documents sought in his motion for leave to conduct discovery. The subpoena issued without leave of Court and in violation of Rule 6."); cf. Pasternak v. Dow Kim, No. 10 Civ. 5045, 2013 WL 1729564 (S.D.N.Y. Apr. 22, 2013) ("Rule 45 subpoenas have been held generally to constitute discovery ....").

However, despite the fact that petitioner needs leave of court to issue the subpoenas, the Court will grant him leave to conduct limited discovery in this matter. Therefore, for the following reasons, petitioner is hereby granted leave to issue some, but not all, of the subpoenas in question.

As noted, respondent has argued that petitioner's federal application is untimely. However, petitioner contends that he is actually innocent, and it is clear that a habeas petitioner can overcome the AEDPA's statute of limitations by making a showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). Accordingly, the undersigned finds that it is appropriate to allow petitioner to issue those subpoenas which concern his purported actual innocence.

If petitioner were seeking to engage in a wide-ranging "fishing expedition" to gather new evidence of any possible type, leave of court for such an endeavor would be properly denied. See, e.g., Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions."); see Murphy v. Johnson, 205 F.3d 809, 84 (5th Cir. 2000). However, that is not what petitioner seeks. Rather, he primarily seeks evidence to show that Officer Kevin Thomas suffered from memory

loss from the shooting and, therefore, his testimony identifying petitioner as the shooter was unreliable. Petitioner argues that such evidence would be significant because, at trial, Thomas was the only witness who testified from personal knowledge that petitioner was the triggerman. He also seeks Dr. Steck's records to determine if there is any evidence concerning the caliber of the bullet which penetrated Thomas' skull. The Court agrees that those two lines of inquiry are reasonably tailored to secure evidence of whether or not petitioner is actually innocent, and the Court therefore finds that discovery strictly limited to uncovering such evidence is appropriate.

The granting of leave, however, should not be interpreted as any sort of indication as to whether the Court will ultimately be persuaded that petitioner falls within the "actual innocence" exception even if the requested evidence is obtained. That is an issue for another day. At this point, it is unknown what such evidence will show and what weight it should be accorded. Here, petitioner's counsel simply seeks permission to expend time and energy collecting such evidence, and, with one exception noted below, there is no indication that the intended recipients of the subpoenas would have any objection to producing the requested information. Because there is reason to believe that the specific evidence petitioner seeks may in fact exist, and because that evidence would be relevant to his actual innocence claim, the Court finds that he should be allowed to issue the subpoenas focused on obtaining evidence concerning Thomas' memory loss and the caliber of the bullet. Therefore, leave of court is granted for petitioner to conduct discovery on those limited issues and for the issuance of the subpoenas to the following entities and individuals: WWL TV; WWL Radio; Dr. John Steck; Richard Simmons; the New Orleans Police Department; and Julian Murray, Jr. However, the Court specifically cautions that its ruling at this point is only that those subpoenas may be issued and served. **Nothing herein is to be construed as limiting**

**the ability of the subpoena recipients from moving to quash the subpoenas on proper grounds or from seeking an appropriate protective order or *in camera* review of the requested evidence.**

The remaining subpoena petitioner seeks is aimed at obtaining the records from the Orleans Parish District Attorney's Office concerning the investigation of Robert Italiano. Mr. Ponoroff indicates that the District Attorney objects to the issuance of such a subpoena. However, even if there were no objection, the Court would not be inclined to allow discovery concerning that issue. The Court finds that the unrelated investigation and unsuccessful criminal prosecution of Italiano is not directly relevant to the issue of whether petitioner is in fact actually innocent of the crime of the attempted first degree murder of Officer Thomas. Therefore, leave to conduct discovery concerning that issue is denied, and petitioner is **ORDERED** not to pursue issuance of that subpoena.

Lastly, the Court notes that it is not at this time addressing the issue of whether any new evidence can be considered in connection with the merits of petitioner's underlying substantive claims. That issue is premature, in that it must first be determined whether petitioner's federal application is even timely.

In summary,

**IT IS ORDERED** that petitioner is hereby granted leave to pursue issuance and service of the requested subpoenas duces tecum directed to WWL TV, WWL Radio, Dr. John Steck, Richard Simmons, the New Orleans Police Department, and Julian Murray, Jr. Leave to conduct any other form of discovery is denied at this time.

**IT IS FURTHER ORDERED** that petitioner is granted leave to submit a supplemental memorandum addressing the timeliness of his federal application and the "actual innocence" exception. That supplemental memorandum must be filed with this court on or before **Monday, September 25, 2017**.

**IT IS FURTHER ORDERED** that respondent is granted leave to file a reply to petitioner's supplemental memorandum on or before **Wednesday, October 25, 2017**.

New Orleans, Louisiana, this twelfth day of July, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**