UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMIL JOYNER                                           CIVIL ACTION

VERSUS                                                     NO. 16-16595

JASON KENT                                            SECTION: "J"(1)


**O R D E R**

Before the Court is Petitioner Jamil Joyner's *Objections to the Magistrate's Report & Recommendation* **(Rec. Doc. 61).** Petitioner objects to the Magistrate Judge's conclusions that he is not entitled to equitable tolling and that he failed to establish his "actual innocence" as set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

First, Petitioner fails to address the Magistrate Judge's conclusion that equitable tolling does not apply because he did not file a protective federal habeas petition and therefore was not prevented from asserting his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam). As the Magistrate Judge found, "[i]f petitioner's attorneys had followed that procedure, the instant federal application would be timely."[1] Petitioner's assertion that he was reasonably diligent because he followed up with the Louisiana Supreme Court about his writ application on November 9, 2015, a month after filing the application and over three weeks after the limitations period

_____
[1] (Rec. Doc. 56, at 10).

had expired on October 14, 2015, is likewise unavailing.[2]  The delivery problems encountered by Petitioner on the day his writ application was due do not entitle him to equitable tolling.  *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007).

Petitioner next contends the Magistrate Judge improperly excluded from consideration evidence that supported his actual innocence gateway claim on grounds that the evidence was not "new."  While Petitioner maintains that *Moore v. Quarterman*, 534 F.3d 454 (5th Cir. 2008), "is at odds with" *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006),[3] this Court is obligated to follow Fifth Circuit precedent.  Additionally, Petitioner misreads *Floyd v. Cain*, No. 11-2819, 2016 WL 4799093 (E.D. La. Sept. 14, 2016), to suggest that the Court must consider any and all evidence when evaluating an actual innocence gateway claim, regardless of whether it meets the "new evidence" standard.  Not so.  First, the "petitioner [must] support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of

---

[2] The Court notes that, while the record reflects that counsel conferred with the court about whether the *filing* would be rejected as deficient, it is not clear that counsel inquired about the timeliness of the application.  (Rec. Doc. 51, at 10; Rec. Doc. 61, at 9).  Moreover, as the Magistrate Judge noted, counsel received a letter from the Louisiana Supreme Court on October 8, 2015, indicating that Petitioner's writ application, due on October 2, 2015, was "*received* and filed *on 10/7/2015*."  (Rec. Doc. 56, at 9).  Any confusion about this language should have been addressed at that time, not a month later, given the choice to wait until near the end of the federal limitations period before filing the state post-conviction relief application.  *See Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (per curiam) ("[Petitioner's] filing the state petition after squandering most of the year available under Section 2244 is a factor in deciding whether equitable tolling should be allowed for problems that arise in later filing the federal petition.  Leaving little margin for error is incautious and not diligent.").

[3] (Rec. Doc. 61, at 14).

[petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore*, 534 F.3d at 465). Only then will the Court consider this "new" evidence, as well as the "old"—i.e., the evidence presented at trial—to determine whether it is "more likely than not, in light of the new evidence, [that] no reasonable juror would find [the petitioner] guilty beyond a reasonable doubt." *House*, 547 U.S. at 538. Because much of the evidence Petitioner submitted was not "new," he was not entitled to have it considered by the Court in evaluating his actual innocence gateway claim. *See Hancock*, 906 F.3d at 390. As to the only "new" evidence presented—the Walker affidavit—the Magistrate Judge did not err in concluding that it was unreliable, *see House*, 547 U.S. at 552, or that it was not sufficiently compelling to support his claim, *see id.* at 538. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Objections to the Magistrate's Report and Recommendation* **(Rec. Doc. 61)** are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the federal application for habeas corpus relief filed by Jamil Joyner is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 8th day of August, 2019.


_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE